## HENRY FRELSON *v.* TINER and CONREY.

Where an instrument is executed in the common law form of a mortgage, to wit, a sale with an equity of redemption upon paying a certain debt, intended to operate on slaves in the State of Arkansas, it would be valid there only as a mortgage, and cannot be regarded in this State as an instrument translative of property.

A mortgage executed on slaves out this State, has no effect upon the slaves when they are brought here, except from the time it is duly registered here.

APPEAL from the Third District Court. *Kennedy,* J.
This action was brought on the following instrument: "State of Louisiana, City of New Orleans. Be it known, that this day, before me, Daniel Israel Ricardo, a notary public in and for the city and parish of New Orleans, State of Louisiana aforesaid, duly commissioned and sworn, personally came and

appeared *John W. Tobin*, of Union county, State of Arkansas, who declared, that for and in consideration of the price and sum of $3500, to him in hand well and truly paid in ready money, the receipt whereof is hereby acknowledged, he does, by these presents, grant, bargain, sell, convey, transfer, assign and set over, with a full guarantee against all troubles, debts, mortgages, claims, evictions, donations, alienations, or other incumbrances whatsoever, and with the right of redemption as hereinafter set forth, unto *Henry Frelson*, of this city, here present, accepting and purchasing for himself, his heirs and assigns, and acknowledging possession thereof, five certain negro men, slaves for life, to wit, *Jacob*, aged about twenty-eight years; *Joseph*, aged about twenty-six years; *Charles*, aged about twenty-one years; *Lewis*, aged about twenty years; and *Columbus*, aged about twenty years: all of which slaves are now on the plantation of said vendor, and are fully guaranteed against the redhibitory vices, maladies and defects prescribed by law.

"And here the said purchaser declared, that he dispensed with the production of a mortgage certificate, to show the mortgages, if any, on said slaves, and to be annexed to this act as required by article 3328 of the Civil Code of this State.

"To have and to hold the said slaves unto the said purchaser, his heirs and assigns, to their proper use and behoof forever. And the said vendor for himself and his heirs, the said slaves to the purchaser, his heirs and assigns shall and will warrant and forever defend against the lawful claims of all persons whatsoever, by these presents.

"And the said vendor does moreover subrogate the said purchaser to all the rights and actions of warranty which he has or may have against his vendor or the vendors of his vendor, fully authorizing the said purchaser to exercise the said rights and actions in the same manner as he himself might or could have done.

"This sale is moreover made and accepted under the express condition, that the said vendor shall have the right of redeeming the said slaves on paying to the said purchaser the said sum of $3500, in the amounts and at the periods herein after specified, to wit: $500 on the first day of February next; $1000 on the first day of March next; $500 on the first day of April next; $500 on the first day of May next; $500 on the first day of June next, and $500 on the first day of July next. In which case, the said purchaser hereby binds himself and his heirs to re-convey the said slaves to the said vendor for a nominal consideration.

"Thus done and passed, in the city of New Orleans aforesaid, in the presence of *George Rareshide* and *Wm. J. Clements*, witnesses of lawful age, domiciliated in this city, who hereunto sign their names together with the said parties and me the said notary, on this 23d day of November, in the year one thousand eight hundred and forty-eight.

"Original signed:    JOHN H. TOBIN.    HENRY FRELSON.    G. RARESHIDE.
WM. J. CLEMENTS.                      D. I. RICARDO, Notary Public."

The district judge decided: "The evidence shows very clearly, that the contract of 23d November, 1849, between *Tobin* and the plaintiff was not intended to be translative of property in any sense. The slaves at that time were in Arkansas, where the common law prevails. Under that system, although slaves are considered as personal property, they may be mortgaged; and this contract would avail as a mortgage.

"But it has been repeatedly decided, that a mortgage of slaves, executed out of this State, will not attach to the slaves when brought here, except from the time that it is duly registered here. When slaves are brought into this State,

FRELSON
v.
TINER.

they become immovables by our law; and, of course, are subject from that time to all our laws concerning immovables. *Verdiu* v. *Lepretor*, 4 L. R. 43. *Hopkins* v. *Laconture*, 4 L. R. 65. *Copley* v. *Sanford, Executor*, 2d Ann. 335. There was no registry or other cause to interfere with the defendants' attachment.

"Judgment for the defendants, with costs."

*Durant* and *Hornor*, for plaintiff. *Wolfe* and *Singleton*, for defendants. The judgment of the court was pronounced by

SLIDELL, J. For the reasons given by the district judge, the judgment of the court below is affirmed, with costs.